UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE UNITED ASSOCIATION NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRI-C MECHANICAL, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 1:24-cv-01895 (MSN/IDD) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Trustees of the United Association National Pension Fund ("Pension Fund" or "NPF") and Trustees of the International Training Fund's ("Training Fund" or "ITF"), (collectively "the Plaintiffs" or "the Funds"), Motion for Default Judgment ("Motion") against Defendant Tri-C Mechanical, Inc. ("Tri-C Mechanical" or "Defendant"), pursuant to Fed. R. Civ. P. 55 [Dkt. No. 14]. After Defendant failed to timely file a responsive pleading or otherwise defend this action, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED** as to Counts I and II of the Complaint against Defendant Tri-C Mechanical, Inc.

## I.   INTRODUCTION

On October 28, 2024, Plaintiff filed this action under Sections 502(g)(2)(C) and 502(g)(2)(B), of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*,

1

29 U.S.C. §§ 1132(g)(2) and 1961. Compl. ¶¶ 17-18, 24-25. ERISA allows parties to enforce provisions of collective bargaining agreements. In its Complaint, Plaintiffs seek a monetary judgment against Defendant awarding unpaid contributions, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment. Compl. ¶¶ 18, 25.

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. § 1331, because this case arises under a federal law, ERISA. Further, jurisdiction is conferred upon this Court by Sections 502 and 515 of ERISA. 29 U.S.C. §§ 1132 and 1145.

The Court has personal jurisdiction over Defendant Tri-C Mechanical, pursuant to ERISA, which provides that any action brought under the statute "may be brought in the district where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). ERISA also allows for nationwide service of process. *Id*. "Where a defendant has been validly served pursuant to a federal statute's nationwide service of process provision, a district court has personal jurisdiction over the defendant so long as jurisdiction comports with [the due process requirements of] the Fifth Amendment [of the U.S. Constitution]." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Services, Inc.*, 791 F.3d 436, 443 (4th Cir. 2015). To support a Fifth Amendment challenge, a defendant must show that "the district court's assertion of personal jurisdiction over [them] would result in 'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." *Id*. at 444 (quoting *Denny's, Inc. v. Cake,* 364 F.3d 521, 524 n. 2 (4th Cir. 2004)).

A citizen or corporation of the United States would have difficulty showing such extreme inconvenience or unfairness. *Denny's*, 364 F.3d at 524 n. 2. Here, the Funds are administered in Alexandria, Virginia, Compl. ¶¶ 1, 6, which is within the Eastern District of Virginia, and, as discussed below, Defendant was properly served with process. Because Defendant has its principal

place of business in New Hyde Park, New York, Compl. ¶ 3, it would be "highly unusual" for Defendant to show that any "inconvenience will rise to a level of constitutional concern." *Plumbers & Pipefitters*, 791 F.3d at 444. Therefore, this Court has personal jurisdiction over Defendant.

Finally, venue is proper in this district, under Section 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 185(c), as the Funds are administered in this district. *See* Compl. ¶ 6. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. Although §§ 1132(e) and 185(d) state where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ P. 4(h). On November 6, 2024, a private process server served Legalcorp Solutions, LLC, who Plaintiffs, at the time, believed was Defendant's registered Agent. Mem. in Supp. of Mot. for Default J at 2. Plaintiffs became aware that Legalcorp was not the Defendant's registered agent and then identified Steven Capobianco as an officer of the Defendant and a proper individual to serve for this case. *Id.* Through a private process server, the Complaint and Summons was properly delivered to Steven Capobianco on January 17, 2025. *Id.* Therefore, Plaintiff properly served Defendant through its registered agent, pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiff initiated this action by filing the Complaint on October 28, 2024. Dkt. No. 1.

3

Defendant Tri-C Mechanical, Inc. failed to answer or file any other responsive pleading after receiving the Complaint. On February 19, 2025, Plaintiff filed a Request for Entry of Default with the Clerk. Dkt. No. 12. On February 20, 2025, the Clerk entered default against the Defendant. Dkt. No. 13. On August 15, 2025, Plaintiff filed a Motion for Default Judgment, and the undersigned conducted a hearing on the matter on August 29, 2025. Dkt. Nos. 14, 17. Defendant failed to appear at the hearing, respond to the Motion for Default Judgment, or otherwise defend this action. Accordingly, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Dkt. No. 17.

## II.     EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default has the effect of admitting the factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Ryan*, 253 F.3d

at 780.

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiffs are the trustees and named fiduciaries of a multi-employer employee benefit plan administered at 103 Oronoco Street, Alexandria, Virginia 22314. Compl. ¶¶ 1-2. Defendant is a New York corporation, with its principal place of business in New Hyde Park, New York. Compl. ¶ 3. Additionally, Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. § 1002(5). *Id*.

At all times through April 2022, Defendant was a signatory to a Collective Bargaining Agreement ("CBA") with the United Association Local Union No. 200 ("Local 200" or "Union") and was thus obligated to pay benefit contributions to the Pension Fund and the Training Fund for all hours worked by the Defendant's covered employees within the jurisdiction of Local 200. Compl. ¶¶ 7-10. Defendant employed certain employees under the Local 200 CBA from August 2019 through January 2022. Compl. ¶ 10. Pursuant to the CBA, Defendant is obligated to abide by the terms and

conditions of both the Pension Fund's Restated Agreement and Declaration of Trust ("NPF Trust Agreement") and the Training Fund's Restated Trust Agreement ("ITF Trust Agreement). Compl. ¶¶ 15, 21. Neither Fund knew that Defendant was a signatory to the Local 200 CBA, and thus required Defendant to contribute to the Pension Fund and Training Fund until April 2022. Compl. ¶ 11. Defendant failed to make all obligatory contributions to NPF for work performed at the Defendant's request for the months of February 2020 through January 2022 and to ITF for the months of August 2019 through January 2022. Compl. ¶¶ 13, 20. Plaintiff Pension Fund seeks $41,543.81 in delinquent contributions, liquidated damages, and interest (as of August 15, 2025). Compl. ¶ 18; Mem. in Supp. of Mot. for Default J at 3. Plaintiff Training Fund seeks $4,038.73 in delinquent contributions, liquidated damages, and interest (as of August 15, 2025). Compl. ¶ 20; Mem. in Supp. of Mot. for Default J at 3-4. Plaintiffs collectively request $995.00 for costs and $7,533.00 for reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961. Mem. in Supp. of Mot. for Default J at 4.

      Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers obligated to make contributions to a multi-employer plan under the terms of a collectively bargained agreement shall make such contributions in accordance with the agreement. Section 502 of ERISA, 29 U.S.C. § 1132(g)(2), establishes the damages imposed on an employer who fails to make the required contributions. Under that provision, in an action to enforce Section 515, the court shall award the plan unpaid contributions, interests on the unpaid contributions, liquidated damages provided for under the plan, not to exceed 20 percent of the unpaid contributions, reasonable attorneys' fees and costs, and other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). If an employer breaches its contract with a labor organization, Section 301 of the LMRA, 29 U.S.C. § 185(a) provides that the organization may bring suit in any district of the United States having jurisdiction over the parties. 29 U.S.C. § 185(a).

### A. Count I – Contributions Owed to the Pension Fund

According to the CBA and the NPF Trust Agreement, Defendant was required to provide reports and timely contribute to the Pension Fund in accordance with those reports. Compl. ¶¶ 14-15; Mem. in Supp. of Mot. for Default J at 6. Defendant failed to timely remit all contributions owed to the NPF for the months of February 2020 through January 2022. Compl. ¶ 13. The NPF filed a declaration in support of its Motion, reflecting that Defendant owes unpaid contributions in the amount of $25,261.17 for the months of February 2020 through January 2022. Compl. ¶ 13; Ex. 1, Decl. of Toni C. Inscoe on Behalf of the United Association National Pension Fund (hereinafter, "Inscoe NPF Decl.) at 2.

The NPF Trust Agreement provides that an employer who fails to pay the amounts required by the CBA "shall be considered delinquent" and that the NPF "may assess liquidated damages against any delinquent employer in the amount of 10% of the amount due . . . [and] to pay interest at a rate of up to 18% per annum, on the amount due from the date of delinquency until the date of payment." Compl. ¶ 16; Inscoe NPF Decl. at 72. Accordingly, with the unpaid contributions owed for the months of February 2020 through January 2022, Defendant owes the NPF a total of $25,261.17 in unpaid contributions as well as $13,756.52 in interest (as of August 15, 2022), and $2,526.12 in liquidated damages. Inscoe NPF Decl. at 2-3. Therefore, the undersigned finds that Defendant owes a total of $41,543.81 to the NPF as a result of its delinquent contributions.

### B. Count II – Contributions Owed to the Training Fund

According to the CBA and the ITF Trust Agreement, Defendant was required to provide reports and timely contribute to the Training Fund in accordance with those reports. Compl. ¶¶ 21-22; Mem. in Supp. of Mot. for Default J at 6. Defendant failed to timely remit all contributions owed to the ITF for the months of August 2019 through January 2022. Compl. ¶ 20. The ITF filed a declaration in support of its Motion, reflecting that Defendant owes unpaid contributions in the

7

amount of $2,286.90 for the months of August 2019 through January 2022. Compl. ¶ 20; Ex. 2, Decl. of Toni C. Inscoe on Behalf of the Int'l Training Fund (hereinafter, "Inscoe ITF Decl.") at 2.

The ITF Trust Agreement provides that when an employer fails to pay the amounts required by the CBA, in the discretion of the ITF, the employer will be obligated to pay "liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum." Compl. ¶ 23. With the unpaid contributions owed for the months of August 2019 through January 2022, Defendant owes the ITF a total of $2,286.90 in unpaid contributions as well as $1,294.45 in interest (as of August 15, 2025), and $457.38 in liquidated damages. Inscoe ITF Decl. at 2-3. Therefore, the undersigned finds that Defendant owes a total amount of $4,038.73 to ITF as a result of its delinquent contributions.

In sum, the undersigned finds that the following amounts are owed to the NPF and ITF:

|  | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 8/15/2025)* | *Total* |
|---|---|---|---|---|
| **NPF** | $25,261.17 | $2,526.12 | $13,756.52 | $41,543.81 |
| **ITF** | $2,286.90 | $457.38 | $1,294.45 | $4,038.73 |
| **Total** | $27,548.07 | $2,983.50 | $15,050.97 | $45,582.54 |

### C. Attorneys' Fees and Costs

Finally, Plaintiffs seek $8,528.00 in attorneys' fees and costs. Mem. in Supp. of Mot. for Default J at 4; Ex. 3, Decl. of Jacob N. Szewczyk, Esq. for Attorney's Fees (hereinafter, "Szewczyk Decl.") ¶ 9. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorneys' fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs provided a declaration from their attorney and a detailed billing statement in support

of their request for attorneys' fees and costs. Szewczyk Decl. In those documents, Plaintiffs claim $995.00 in costs and $7,533.00 in attorneys' fees based on 23.25 hours of expended counsel time at a rate of $324.00 per hour for attorneys. Szewczyk Decl. ¶¶ 5-9. Time spent by counsel includes drafting pleadings, filing motions, and case development and case administration. Szewczyk Decl. ¶ 5. The undersigned finds these rates to be consistent with reasonable rates charged in the Eastern District of Virginia for like matters and the number of billable hours spent on the case to be reasonable. Therefore, the undersigned finds Plaintiff's request for attorneys' fees and costs to be reasonable and recommends an award of $8,528.00.

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the United Association National Pension Fund and the Trustees of the International Training Fund. In sum, Plaintiffs are entitled to damages in the total amount of $45,528.54 and attorneys' fees and costs in the amount of $8,528.00, for a total of $54,056.54.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

/s/
Ivan D. Davis
United States Magistrate Judge

January 23, 2026
Alexandria, Virginia